BOSTON AND MAINE RAILROAD, Appellant,

*vs.*

SACO VALLEY ELECTRIC RAILROAD.

York.   Opinion August 18, 1903.

*Railroad Commissioners*, Appeal.   *Decree*, Temporary, showing indecision—Void.
*Railroad Crossings*, Electric Railroad.   *Stat. 1901, c. 191; 1895, c. 72, §§ 1, 2, 3.*

Under our statutes the whole question of how railroad crossings shall be constructed and maintained is left, in the first instance, to the sound judgment and discretion of the railroad commissioners for determination; and their decision when made is final, unless an appeal is taken.

They have no authority to modify or change such a decree once made, except upon a new application, notice and hearing; nor can they, before appeal, make a temporary decree which does not purport to represent their sound judgment and discretion in the premises. Such temporary decree is void.

On report.   Remanded to board of railroad commissioners.

Appeal from a decree of the board of railroad commissioners.

This was an application to the railroad commissioners under stat. of 1895, c. 72, § 2, by the Saco Valley Electric Railroad asking a determination of the manner and condition under which its tracks should cross the Portland and Rochester division of the Boston & Maine Railroad in Buxton; also the eastern division of the Boston & Maine in Saco.

The facts appear in the opinion.

*J. W. Symonds, D. W. Snow, C. S. Cook and C. L. Hutchinson,* for appellant.

*J. O. Bradbury,* for petitioners.

SITTING: WISWELL, C. J., STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

POWERS, J.   This is an appeal from a decree of the railroad commissioners allowing the Saco Valley Electric Railroad to cross at grade the Boston and Maine Railroad at Saco and at Buxton.

The decree appealed from is void.   It appears upon its face that it does not represent the sound judgment and discretion of the railroad commissioners, but is intended as a temporary expedient until they can make up their minds what ought to be done in the premises. In making the decree they say:—

"The Boston and Maine Railroad desires to avoid grade crossings. The petitioning company claims that grade crossings are reasonable, and that neither overhead nor undergrade crossings are feasible.   We have given the matter considerable attention, several continuances having been made for that purpose.   We are yet undecided in the matter.

"The statute, chapter 191 P. L. 1901, provides that if an appeal is taken to the decision of the railroad commissioners in such case, the commissioners may still determine the manner and conditions of construction and maintenance of such crossing during the pendency of the appeal, and issue the necessary temporary decree therefor.

"Long before this statute, this board in the matter of the petition of the Bangor, Old Town & Orono Railroad for a crossing of the Maine Central Railroad at Veazie, made a decree authorizing a temporary crossing at grade.   This decision will be found in the report of the commissioners for the year 1895, page 92.   That decree was afterwards changed by the board upon petition of the Maine Central Railroad, and the court sustained the commission in its action.   (*Maine Central R. R. Co.* v. *B. O. & O. Railway Co.*, 89 Maine, 555.)

"It is too early now to make a decree under P. L. 1901, chap. 191 ; we deem it best however to make a temporary decree as we did in the Veazie case."

They then granted crossings at grade "until otherwise ordered by this board."   It is evident that these words do not mean simply until otherwise ordered by the board upon a new application.   That would

be true of every decree. Taken in connection with the words "temporary decree" the language used shows an intent to reserve and assert the power of the railroad commissioners to hereafter modify or completely set aside this decree in this same proceeding, should they at any time hereafter come to a decision as to whether "grade crossings are reasonable or overhead and under grade crossings feasible." We find no such authority granted by statute. In the case of a railroad company of any kind, whose tracks are to be constructed across the tracks of any railroad already built, upon application, notice and hearing, such crossing shall be made, constructed, and maintained in such manner, and under such conditions as shall be ordered by the board of railroad commissioners. Laws 1895, c. 72, § 2. When the crossings already exist upon application, notice and hearing the board are to determine what changes, if any, are necessary, and how such crossings shall be constructed and maintained. Laws 1895, c. 72, § 1.

By section three of the same act such decision is declared by the statute to be "final" unless appeal is taken. No power is reserved to the board suo motu to modify or change a decision once made.

In the case of the *Maine Central R. R. Co.* v. *B. O. & O. Ry. Co.*, 89 Maine, 555, referred to as authority for this temporary decree, the power of the railroad commissioners to make such a decree was not considered. There had been a temporary decree authorizing a grade crossing. Subsequently, upon a new petition, notice and hearing, the railroad commissioners made an order which provided for an overhead crossing and abolished the grade crossing provided for by the temporary decree. Upon appeal these last proceedings were upheld and approved. The validity of the so-called temporary decree was not before the court in that case.

This "temporary decree" differs from the one referred to in the Veazie case in this, that while both granted crossings at grade "until otherwise ordered" this decree contains in itself the statement that the commissioners have reached no decision as to whether grade crossings are reasonable. Grade crossings are not only places of recognized danger, but they are sources of danger to all who travel on either steam or electric roads. The time has not yet come when they can be everywhere abolished, but it was never the intention of

the legislature that they now should be established in cases where the railroad commissioners could not decide that they were reasonable. A decision which contains within itself such a statement of indecision is a felo de se and must fall.

In *Maine Central R. R. Co.* v. *Waterville and Fairfield and Light Street Ry. Co.*, 89 Maine, 328, Mr. Justice WALTON says: "It seems to us that the evident intention of the legislature was to leave the whole question of how railroad crossings should be constructed and maintained, and how the expense of such crossings should be borne, in the first instance to the sound judgment and discretion of the railroad commissioners, and we think that their decision should not be altered or reversed unless manifestly illegal or unjust."

Mr. Justice STROUT in the *Veazie case*, 89 Maine, 555, says: "The question whether public safety requires a highway to pass over or under a railroad at a crossing, is left by the statute in the first instance, to the judgment of the railroad commissioners, and their decision should not be reversed by this court unless it is manifestly erroneous." Such language as this was never intended to embrace decisions which do not purport to represent the sound judgment of the board rendering them. They are entitled to no weight, for they do not purport to flow from the judgment of any man or body of men. Neither can such irresponsible decrees, even though unappealed from, afford a basis and justification for action in matters which so clearly concern the public safety. The so-called temporary decree in this case was unauthorized and void.

Upon appeal this court has power to make such order or decree thereon as law and justice may require. Laws of 1895, c. 72, § 5. The question here presented has never been passed upon by that board to whom it was the intention of the legislature to refer it in the first instance. While its decision is not conclusive, yet the court should have the benefit of the commissioners' judgment in any subsequent proceedings.

The whole matter is recommitted to the board of railroad commissioners for further proceedings in accordance with this opinion.

*So ordered.*